UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Nancy Boehme | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND DISCHARGING ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

Plaintiff Rocio Medel ("Plaintiff") filed this case against Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") asserting various claims related to improper mortgage servicing. Before the Court is Shellpoint's Motion to Dismiss Plaintiff's Complaint. ("Motion," Dkt. No. 9). The Motion is GRANTED in part and DENIED in part.

Additionally, the Court issued an Order to Show Cause Re Subject Matter Jurisdiction. (Dkt. No. 19.) Because Plaintiff sufficiently responded to that order, the order is DISCHARGED.

**BACKGROUND**

The following facts are alleged in the Complaint (Dkt. No. 1), and taken as true for the purposes of this Motion.

In 2005, Plaintiff purchased a home in Anaheim, California, securing the home loan with a mortgage. (Complaint ¶¶ 26, 27.) She began to default on her home loan in 2010, and sought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

a loan modification. (*Id.* ¶¶ 31, 33.) While she was seeking this modification, Shellpoint became the loan servicer. (*Id.* ¶ 33.) In 2013, Plaintiff began seeking a loan modification through Shellpoint. (*Id.* ¶ 35.)

Throughout 2013 and 2014, Plaintiff submitted multiple loan modification applications to Shellpoint, along with supporting documentation. (*Id.* ¶¶ 34, 51, 54, 57, 64.) Shellpoint repeatedly responded to her submissions with form letters saying she "did not provide [Shellpoint] with the documents [it] requested." (*Id.* ¶¶ 45, 49, 56, 58, 61.) These letters either failed to identify what documents were missing or identified documents that she had already submitted. (*Id.* ¶¶ 46, 49, 56, 58, 62.) Plaintiff made numerous phone calls to Shellpoint to address these issues, but was told either to send more documents or to ignore the letters she received because Shellpoint did in fact have her documentation. (*Id.* ¶¶ 67-69.)

Early in this process, Shellpoint sent a letter to Plaintiff identifying Tara Merino as the single point of contact for the loan modification process. (*Id.* ¶ 37.) But Merino was rarely available to speak with Plaintiff. (*Id.*) In fact, the representatives who spoke to Plaintiff were unfamiliar with her file and financial records. (*Id.* ¶ 72.) Despite this unfamiliarity, these representatives repeatedly told Plaintiff without any apparent basis that she would certainly be denied for a loan modification. (*Id.* ¶¶ 85, 87.)

Shellpoint served Plaintiff with a Notice of Trustee's Sale in February 2015. (*Id.* ¶ 89.) It did not file a new Notice of Default, but instead relied on one filed in 2011. (*Id.* ¶ 90.)

Plaintiff asserts ten claims: (1) - (6) Violations of California's Homeowners' Bill of Rights ("HBOR"), (7) Violation of Unfair Competition Law ("UCL"), (8) Negligence, (9) Breach Implied Covenant of Good Faith and Fair Dealing, (10) Declaratory Relief.

### LEGAL STANDARD

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); see Fed. R. Civ. P. 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

In a foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *Id.* (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); see *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

## PRELIMINARY MATTERS

Shellpoint asks the Court to take judicial notice of (1) a Deed of Trust, (2) an Assignment of Deed of Trust, (3) a Notice of Default, and (4) a Notice of Trustee's Sale. (Request for Judicial Notice, Dkt. No. 10.) Because these documents are recorded in the official records of the Orange County Recorder, the Court will take judicial notice of them.

Also pending is the Court's Order to Show Cause Re Subject Matter Jurisdiction. Primarily concerned with the lack of allegations showing the citizenship of New Penn Financial, LLC, the Court ordered Plaintiff to show cause why the case shouldn't be dismissed. Plaintiff's response sufficiently addressed these concerns. Shellpoint filed a reply challenging Plaintiff's standing in this case and the amount in controversy. (Dkt. No. 22.) Plaintiff's standing is beyond the scope of the Order to Show Cause, so the Court declines to consider it here. Shellpoint's arguments concerning the amount in controversy are unpersuasive, particularly where it applies the wrong standard—the case cited by Shellpoint is a case that was removed to federal court by the defendants. Despite the concerns expressed by the Court, it cannot find to a legal certainty that the amount in controversy does not exceed $75,000. *See Chaganti v. I2 Phone Intern., Inc.*, 313 F. App'x. 54, 56 (9th Cir. 2009) (applying the "legal certainty" test where the plaintiff alleges damages exceeding $75,000). Thus the Order to Show Cause is DISCHARGED.

## ANALYSIS

### 1. California HBOR Claims

Plaintiff makes six claims under California's HBOR: (1) Failure to record mandatory compliance declaration of due diligence, violating Cal. Civ. Code § 2923.55(c); (2) Failure to conduct net present value assessment, violating §§ 2923.6(a),(b); (3) Unlawfully recording a Notice of Trustee's Sale while a loan modification application was pending, violating § 2923.6(b); (4) Failure to provide a reason for denial of loan modification, violating § 2923.6(f); (5) Failure to provide a single point of contact, violating § 2923.7; and (6) Failure to properly respond to loan modification applications, violating § 2923.10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

In her first claim, Plaintiff alleges that Shellpoint violated Section 2923.55(c). This Section requires that "[a] notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower as required by this section, or that no contact was required because the individual did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5." Shellpoint argues that this claim fails because, according to Plaintiff's own allegations, Shellpoint did communicate with Plaintiff before recording the Notice of Trustee's Sale. Plaintiff counters that the section requires the lender to include a declaration with the Notice of Default, and Shellpoint failed to do that. But Plaintiff fails to address that Shellpoint filed a Notice of Trustee's Sale, not a Notice of Default. Section 2923.55 expressly applies to a Notice of Default. The Notice of Default did include a declaration. (Dkt. No. 10, Ex. C.) Given these circumstances, Plaintiff the Motion is GRANTED as to Plaintiff's first claim.

Shellpoint next argues that claims 2, 3, 4, and 6 fail because Plaintiff hasn't alleged sufficient facts showing that she ever submitted a *complete* application for a loan modification as required by the relevant code provisions. To support its argument, Shellpoint relies on the numerous letters it sent to Plaintiff saying that the applications were incomplete. The Court is unpersuaded. Plaintiff alleges that, on multiple occasions, she submitted loan modification applications together with all of the documents requested by Shellpoint. When Shellpoint requested more documents, she complied with the requests. And she repeated this cycle over and over again. These applications aren't incomplete as a matter of law merely because Shellpoint said so in various letters. Obviously, it would thwart the purposes of the statute if loan servicers could avoid their obligations by making it impossible for borrowers to complete their applications. The Court thus rejects Shellpoint's argument. Because Shellpoint makes no other convincing arguments concerning these claims, the Motion to Dismiss them is DENIED.

Claim 5 alleges that Shellpoint failed to designate a single point of contact to coordinate her requests for loan modifications, as required by California Civil Code § 2923.7. Shellpoint argues that it complied with the Section by designating a "team of personnel," as allowed under § 2923.7(e). The allegations in the Complaint portray an unassigned group of service representatives, none of whom appear to have been assigned responsibility for Plaintiff's file. In multiple phone conversations with Shellpoint, Plaintiff was directed to personnel who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

lacked knowledge of the documents she had submitted and the history of her file. This is precisely the type of situation that the California legislature likely sought to avoid. At this early stage, the Court will not dismiss these claims. The Motion is DENIED as to Claim 5.

## 2. California Business and Professions Code § 17200

"The UCL prohibits 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.'" *Stearns v. Select Comfort Retail Corp.*, No. 08–2746 JF (PVT), 2010 WL 2898284, *16 (N.D.Cal. July 21, 2010) (quoting Cal. Bus. & Prof.Code § 17200). Under the unlawful prong, Plaintiff's UCL claim is derivative of her other claims. Because certain claims for HBOR violations survive, so too does the UCL claim.

Shellpoint argues that Plaintiff lacks standing under the UCL because she hasn't yet suffered any damages. Following other cases holding otherwise, the Court is unconvinced. *See Woodring v. Ocwen Loan Servicing, LLC*, 2014 WL 3558716, at *9 (C.D. Cal. July 18, 2014) ("This Court agrees with the courts in this Circuit that have on multiple occasions found that the initiation of foreclosure proceedings may suffice to establish an injury under the UCL.")

Therefore the Motion is DENIED as to Plaintiff's UCL claim.

## 3. Negligence

Plaintiff's negligence claim turns on whether Shellpoint owed Plaintiff a duty of care. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (Cal. Ct. App. 1991). In deciding whether a residential lender considering a loan modification owes a duty of care to the borrower, courts have reached opposite conclusions. *See Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, at *18-*22 (C.D. Cal. June 25, 2015) (collecting cases on both sides of the issue). This Court agrees with the growing number of courts holding that a residential loan modification "falls squarely within the scope of a lending institution's conventional role," and does not give rise to a duty of care to the borrower. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 67 (Cal. Ct. App.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

2013). The lender does, however, "owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale." *Id.* at 68-69. Even so, Plaintiff has not adequately pled a negligent representation claim. For instance, allegations concerning both reliance and damages are insufficient.

The negligence claim is DISMISSED. Plaintiff may amend the complaint to plead a negligent misrepresentation claim.

## 4. Tortious Breach of Implied Covenant of Good Faith and Fair Dealing

To state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiff must allege facts establishing: "(1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Guerrero v. Wells Fargo Bank, N.A.*, No. CV 10–5095–VBF AJWX, 2010 WL 8971769, at *5 (C.D.Cal. Sept.14, 2010). Here, Plaintiff has not identified any contract requiring Shellpoint to offer or consider loan modifications. Nor does she allege facts showing that she met her own obligations under that contract. Tellingly, Plaintiff does not even address this claim in her opposition to the Motion. Therefore, the Motion is GRANTED as to this claim.

## 5. Declaratory Relief

Shellpoint argues that Plaintiff's claim for declaratory relief fails because it merely duplicates other claims and because it is a remedy, not an independent claim for relief. Plaintiff does not address this claim in her Opposition. The Court agrees with Shellpoint that Plaintiff's separate claim for declaratory relief is insufficient as pled. Indeed, this claim as pled is not really a separate claim at all. It doesn't even address declaratory relief, but instead simply reiterates Plaintiff's prayer for injunctive relief, properly based on the other claims. Thus the Motion is GRANTED as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0368 AG (JCGx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | ROCIO MEDEL v. NEW PENN FINANCIAL, LLC, et al. | | |

**DISPOSITION**

The Motion is GRANTED with leave to amend as to Claims 1, 8, 9, and 10. It is DENIED as to Claims 2, 3, 4, 5, 6, and 7. Any amended complaint must be filed within 14 days of this Order.

The Order to Show Cause Re Subject Matter Jurisdiction is DISCHARGED.

: 0

Initials of Preparer    nkb